**Dara EM, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71442.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2004.

Decided Nov. 15, 2004.

Before: B. FLETCHER, NOONAN, and THOMAS, Circuit Judges.

MEMORANDUM *

Petitioner Dara Em requests relief from the Board of Immigration Appeals' ("BIA") decision issued without opinion that affirms the immigration judge's ("IJ") finding that Petitioner failed to demonstrate persecution or a well-founded fear of future persecution. We deny the petition for review. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

■ Substantial evidence supports the IJ's determination that Em failed to establish past persecution or a well-founded fear of future persecution. Em claims that the Khmer Rouge tried forcibly to recruit him. However, forced recruitment, without more, does not amount to persecution. *INS v. Elias–Zacarias,* 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). He also testified that the Khmer Rouge tried to extort money from his family, but extortion threats alone are not sufficient to constitute past persecution on account of a protected ground. *See Borja v. INS,* 175 F.3d 732, 736–37 (9th Cir.1999) (en banc) (holding that "extortion plus" is necessary to support a claim of asylum). Em's narrative as to other acts of the Khmer Rouge directed at his family, and his narrative in general, was so vague and contradictory, particularly as to time and dates, that the record does not compel the conclusion that the IJ erred in making his determination as to past persecution.

■ Substantial evidence also supports the IJ's finding that Em failed to establish a well-founded fear of future persecution. Em lived uneventfully in Phnom Penh while he was in Cambodia, and the record does not compel the conclusion that Phnom Penh would not be a safe place for him to live if he returned to Cambodia. *See*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Knezevic v. Ashcroft,* 367 F.3d 1206, 1214 (9th Cir.2004) (holding that a well-founded fear requires petitioner to show more than a generalized or random possibility of persecution). As the IJ noted, the assertion that the Khmer Rouge constitute a threat throughout Cambodia was directly refuted by the State Department country reports, and Em did not rebut this evidence.

As Em failed to satisfy the standard for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

**PETITION DENIED.**